IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REFRIGERATED CONSTRUCTION & SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 01-AR-442-S |
| COLDMATIC BUILDING SYSTEMS, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On April 7, 2003, a motion for summary judgment was filed by defendants Sovereign Specialty Chemicals ("Sovereign") and SIA Adhesives, Inc. ("SIA"), a subsidiary of Sovereign (collectively "defendants"). Plaintiff, Refrigerated Construction & Services, Inc. ("RCS"), alleges that defendants provided the adhesives which were used in the fabrication of certain steel insulation panels used by it in a refrigeration facility project for Polk's Meats. RCS claims that the adhesive supplied were defective. RCS filed a brief in opposition to defendants' motion for summary judgment on April 21, 2003. Defendants filed a motion to strike certain evidence submitted by RCS in opposition to said motion for summary judgment, specifically the two affidavits of Edward H. Harris and the letter of Mike Spears. On June 3, 2003, the court granted the motion to strike and gave RCS thirty days to furnish admissible evidence upon which to defeat defendants' motion. On July 3, 2003, RCS submitted a letter to the court that stated it had no additional evidence to offer to the court.

On or about June 24, 1999, RCS entered into an agreement with Polk's Meats to act as

the general contractor to build a large commercial refrigeration warehouse and system in McGee, Mississippi. On or before June 24, 1999, Mike Spears ("Spears"), as the agent of supplier, Contemporary Panels, acting within the line and scope of his authority, made oral presentations to RCS with respect to steel panels that Contemporary Panels hoped would be used in the project. RCS maintains that it relied on the representations made by Spears, and only because of those representation did it agree to use panels manufactured by Contemporary Panels. These panels were assembled by incapsulating insulation within two sheets of stainless steel. The insulation was glued to the stainless steel panels by chemical adhesives. Spears testified that a company by the name of Morton was the manufacturer of the adhesive used in the Polk's project.

Beginning in Spring 2002, after the installation of many of the panels, the stainless steel skin on some of them began to delaminate. Contemporary Panels was notified, and it provided replacement panels. The delamination was unique to the Polk's project. It had never occurred before. By August 2000, after the Polk's project had been completed, Polk's contacted RCS and informed it that a substantial majority of the steel panels were rapidly experiencing additional delamination and that immediate emergency measures were needed.

Defendants categorically state that they did not supply Contemporary Panels with adhesives until July of 2000, several months after the panels had been installed and begun to delaminate. RCS argues that Spears told it that the adhesives used in the subject panels indicated that SIA was the manufacturer, not Morton as Spears had indicated in his deposition. Spears recalls signing a check to purchase the SIA product. Further, in a letter to RCS, Spears offers one potential explanation as to why SIA's records may not indicated any sales to Contemporary Panels during the relevant time period– a purchase, merger, or buyout of the adhesive

manufacturer. Another possible explanation offered is that the "purchaser" of the adhesive may have been identified as Coldmatic Building System, Inc. or even Coldmatic Refrigeration of Canada, rather than as Contemporary Panels. The evidence used to support these arguments was stricken from the record. Also, in his affidavit, the controller of SIA stated he found no records indicating sales either to Coldmatic Building Systems, Inc. or to Coldmatic Refrigeration of Canada, Ltd. He also stated that there was no corporate restructuring of either SIA or Sovereign during the years 1999 or 2000 which would have created any lapse in the companies' sales records.

RCS has failed to raise a genuine dispute of material fact as to whether defendants manufactured the adhesive used in the subject panels. By separate order, the court will grant defendants' motion for summary judgment.

DONE this 11th day of July, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT