IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REFRIGERATED CONSTRUCTION AND )
SERVICES, INC., )
)
Plaintiff, )
) CIVIL ACTION NO.
) 01-AR-442-S
v. )
)
CONTEMPORARY PANELS, INC., et )
al., )
)
Defendants. )

04 MAR 24 PH 2:54

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 24 2004

## MEMORANDUM OPINION

Before the court is the motion of plaintiff, Refrigerated Construction and Services, Inc. ("RCS"), to quash subpoenas issued to I & K Distributors, Inc. (I & K), Forcon International, Inc. ("Forcon"), and Markel Insurance Company ("Markel"). Doc. 198.

Defendants, Contemporary Panels, Inc. and Coldmatic Refrigeration of Canada, Ltd. (collectively "defendants"), seek documents relating to a lawsuit by I & K against RCS. I & K hired RCS to provide general contracting services in the construction of a large refrigeration unit. I & K later sued RCS after liens were placed against I & K's property due to RCS's failure to pay its subcontractors. RCS objects to the I & K subpoena on two grounds: (1) the subpoena places an undue burden on I & K, and (2) the subpoena "is not reasonably calculated to lead to the discovery of admissible evidence." Doc. 198 at 3-4.

The first objection appears to be based on the language of

Rule 45(c)(3)(A)(iv), F.R.Civ.P. "A motion to quash a subpoena duces tecum [under Rule 45(c)] may only be made by the person to whom the subpoena is directed unless the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." 9 James Wm. Moore, Moore's Federal Practice ¶ 45.04[3][a] (3d ed. 2003). RCS has not claimed a personal right or privilege in the documents defendants request from I & K. RCS therefore does not have standing to object to the subpoena on the ground that it places an undue burden on I & K.

RCS also objects to the subpoena on the ground that it "is not reasonably calculated to lead to the discovery of admissible evidence." This objection appears to be brought under Rule 26, F.R.Civ.P. RCS has standing to raise this issue. Defendants respond that the evidence is calculated to lead to the discovery of admissible evidence and that defendants should have access to the evidence in order to test the veracity of one of RCS's witnesses. The court agrees with RCS that the documents requested by defendants are not reasonably calculated to lead to the discovery of admissible evidence. The I & K lawsuit had to do with RCS's failure to pay subcontractors and had nothing to do with the subject matter of the instant lawsuit. The defendants want the evidence in order to test the veracity of Ed Harris ("Harris"), the former Chief Financial Officer of RCS, who testified in his

deposition that the issues in the I & K lawsuit were irrelevant to the issues in the instant case. The court finds that Harris' veracity can be tested by reference to the pleadings filed in the I & K lawsuit, which have already been produced by RCS, and that further discovery into a separate lawsuit is both unnecessary and outside of the scope of Rule 26(b), F.R.Civ.P.

RCS moves to quash the subpoenas issued to Markel and Forcon on the ground that the materials requested are protected by the work product rule. The subpoenas ask for "[a]ll documents relating to any claim made or investigation performed relating to the delamination of steel panels at Polk's Meats, Inc." Doc. 198 ex. A. The instant case arose from problems RCS had with the delamination of panels supplied by defendants. The panels were supplied for a construction project RCS contracted for with Polk's Meats, Inc. ("Polk's"). Polk's initiated an arbitration proceeding against RCS and Markel, the surety that provided the performance and payment bonds for RCS on the Polk's construction project. Markel hired George Musgrave, an employee of Forcon, to provide expert testimony in the arbitration proceeding regarding the remedial measures needed and regarding the cost of repairs at the Polk's construction project. The work product rule protects from discovery documents and tangible things prepared in anticipation of litigation by a party or its representative. Rule 26(b)(3), F.R.Civ.P. The party asserting the work product rule has

3

the burden of proving that the rule applies. 6 James Wm. Moore, Moore's Federal Practice ¶ 26.70[5][a] (3d ed. 2003). A blanket assertion that the rule applies to a group of documents does not meet this burden. *In re Grand Jury Subpoena (Lipnack)*, 831 F.2d 225, 226-27 (11th Cir. 1987). The party asserting the privilege must assert it on a document-by-document basis. *Id*. RCS has failed to meet its burden for a successful invocation of the work product rule. Accordingly, RCS's motion to quash the subpoenas issued to Markel and Forcon will be denied.

## Conclusion

By separate order, the motion of RCS to quash will be granted with respect to the I & K subpoena and will be denied with respect to the Forcon and Markel subpoenas.

DONE this 24th day of March, 2004.

/s/ William M. Acker
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE